DECISION
{¶ 1} Rodney Lee Sheridan is appealing from the sentence he received following his plea to seven counts of aggravated robbery. He was sentenced to 30 years of incarceration. The sentence was the term of incarceration jointly recommended by the parties.
 {¶ 2} A single assignment of error is presented:
 The trial court erred in imposing a sentence in violation of Blakely v. Washington (2004), 124 S.Ct. 2531. *Page 2 
 {¶ 3} A criminal defendant who agrees to a specific sentence is not in a position to argue that his sentence is in violation of Blakely v.Washington (2004), 542 U.S. 961, 124 S.Ct. 2531. Blakely limits sentences where a defendant has not acknowledged critical facts which figure into sentencing. Sheridan, by agreeing to a sentence, has, by implication, agreed to any facts necessary to support that sentence.
 {¶ 4} Further, Sheridan committed his crimes after the Supreme Court of Ohio had decided State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The Foster case held that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give them reasons for imposing maximum, consecutive, or more than minimum sentences.
 {¶ 5} We must follow the Foster case. Further, independent of theFoster case, we do not believe Blakely v. Washington, supra, applies to agreed sentences.
 {¶ 6} The sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 McGRATH, P.J., and SADLER, J., concur. *Page 1